IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Laurence Anderson, ) | C.A. No. 3:06-3409-CMC- JRM |
| ) | |
| Plaintiff, ) | |
| ) | **OPINION AND ORDER** |
| ) | **ON MOTION FOR** |
| ) | **SUMMARY JUDGMENT** |
| Lowe's Home Centers, Inc. d/b/a Lowe's ) | |
| Companies, Inc. ) | |
| ) | |
| Defendant. ) | |
| _____) | |

Through this action, Laurence Anderson seeks recovery for alleged racial discrimination in employment. Specifically, he alleges claims for reverse racial discrimination and retaliation under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000(e) et seq., and 42 U.S.C. §1981, and violation of the Family and Medical Leave Act (FMLA). The matter is before the court on motion of Defendant, Lowe's Home Centers, Inc. (Lowe's), for summary judgment. For the reasons set forth below, the motion is **granted**.

**BACKGROUND**

In accordance with 28 U.S.C. 636(b) and Local Civil Rule 73.02 (B)(2)(e), (g), DSC, this matter was referred to United States Magistrate Judge Joseph R. McCrorey for pretrial proceedings and a Report and Recommendation (Report). On May 28, 2008, the Magistrate Judge issued a Report recommending that Defendant's motion for summary judgment be granted. Plaintiff filed an objection, making five arguments as to why the Magistrate Judge erred in recommending that summary judgment should be granted: (1) the Report improperly resolves a fact in controversy to determine that Plaintiff did not meet his burden of establishing a *prima facie* case of discrimination;

(2) the Report improperly applies the retaliation standard; (3) the Report erroneously finds that Plaintiff failed to meet his burden on pretext; (4) the Report incorrectly determines that Plaintiff's §1981 claim fails by improperly resolving a fact in controversy; and (5) the Report errs in finding that Plaintiff was not prejudiced by any FMLA notice violation by Lowe's. Dkt. No. 81. Defendant responded to Plaintiff's objections, arguing that the Report correctly recommended granting summary judgment. Dkt. No. 90.

**STANDARD**

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1). The court reviews only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

**DISCUSSION**

The court has made a *de novo* review of the Report and underlying record as to all matters to which Plaintiff has lodged an objection and has reviewed the Report for clear error otherwise. Having done so, the undersigned finds no errors in the Report and further concludes that the objections raised are all adequately and correctly addressed in the Report.

**Reverse Discrimination Claim.** Plaintiff first argues that the Report improperly determines that his transfer by Lowe's from Store 499 to Store 385 was not to his detriment. Dkt. No. 81 at 5. As noted by Lowe's, it is unclear from this objection whether Plaintiff is concerned that this alleged error results in an erroneous outcome in Plaintiff's discrimination claim or his retaliation claim. Dkt. No. 90 at 3. Because Plaintiff's argument seems to relate to elements of a *prima facie* case of discrimination, the court reviews this objection in conjunction with the Report's findings on Plaintiff's claim of discrimination.

Plaintiff argues that the Magistrate Judge improperly applies *Burlington Industries, Inc. v. Ellerth*, 524 U.S. 742 (1998), and *Boone v. Goldin*, 178 F.3d 253 (4th Cir. 1999), instead of *Burlington v. White*, 548 U.S. 53 (2006), in determining whether Plaintiff suffered an adverse employment action. Dkt. No. 81 at 7. However, regardless of which standard should apply, the Report reaches the result Plaintiff seeks with this particular objection. The Report determines that, viewing the evidence in the light most favorable to Plaintiff, Plaintiff in fact did suffer an adverse employment action. Dkt. No. 78 at 20. This finding does not automatically establish a *prima facie* case of discrimination but is merely one prong of the four-part test. The Report goes on to properly determine that though Plaintiff suffered an adverse employment action because of his transfer from Store 499 to Store 385, he did not meet his burden of proving the final element of the test for discrimination. The undersigned agrees with the Report's conclusion that the transfer did not occur

3

under circumstances giving rise to an inference of discrimination. *See* Dkt. No. 78 at 21-25. Thus, Plaintiff's discrimination claim fails.

**Retaliation Claim.** Plaintiff next argues that the Report improperly applies the legal standard for determining whether he met his burden of establishing a *prima facie* case of retaliation. Dkt. No 81 at 10. Again, regardless of the application of the retaliation standard, the Report and the undersigned agree with Plaintiff that he has met his burden of establishing a *prima facie* case of retaliation. *See* Dkt. No. 78 at 25. Thus, Plaintiff's objection on this issue is without merit.

**Pretext in Retaliation Claim.** Third, Plaintiff objects to the Report on grounds that it improperly concludes Lowe's transferred him from Store 499 to Store 385 for a legitimate, nonretaliatory reason. The determination that Plaintiff has established a *prima facie* case of retaliation does not conclude the inquiry as to whether retaliation has actually occurred. After a plaintiff establishes a *prima facie* case of discrimination the employer then bears the burden of "articulat[ing] a legitimate, nondiscriminatory [or nonretaliatory] reason for the adverse employment action." *Hill v. Lockheed Martin Logistics Mgmt., Inc.*, 354 F.3d 277, 285 (4th Cir. 2004) (*en banc*). Plaintiff's objection seems to rest primarily on his perception that rather than applying the standard of whether Lowe's reasons for Plaintiff's transfer were "unworthy of credence," the Report instead applies a standard of actual falsity. *See* Dkt. No. 81 at 12. However, the court finds that the Report properly applies the "unworthy of credence" standard. Dkt. No. 78 at 27. The undersigned agrees with and adopts the reasoning set forth in the Report that there is no evidence of pretext in Lowe's explanation of Plaintiff's transfer. *See id.* at 27-32.

**Section 1981.** Fourth, Plaintiff objects to the Report's finding that his § 1981 claim fails. Plaintiff seems to argue that his removal from a Human Resources Trainer position in 2004 was

4

racially motivated because Blondene Robinson (Robinson), an African American woman, testified during her deposition that she became a human resources training manager and received a raise when she was transferred to Store 499 in 2006. *See* Dkt. No. 81 at 14. Lowe's and Robinson later clarified that she did not hold any human resources training manager position and that her increase in pay was related specifically to her transfer to a higher volume store than her previous position. Dkt. No. 78 at 33. Though Plaintiff's precise objection is unclear, the court agrees with the reasoning in the Report, which concluded that Lowe's is entitled to summary judgment on Plaintiff's § 1981 claim. *See id.*

**FMLA claim.** Finally, Plaintiff combines two arguments in his FMLA objection. First, he argues that Lowe's violated the FMLA by failing to adequately and timely notify him of his rights under the FMLA. *See* Dkt. No. 81 at 15. Plaintiff asserts that he never received information from Lowe's regarding protections available to him under the FMLA despite the fact that his supervisor was aware of Plaintiff's medical condition and need for leave. *Id.* at 15-16. The Report reaches the conclusion that Lowe's had sufficient notice of Plaintiff's "serious health condition," as defined in the regulation, to require it to fulfill its reciprocal duty to give Plaintiff notice of his rights under the FMLA. Dkt. No. 78 at 39. The Report further finds that Lowe's failed to provide Plaintiff with adequate notice and thus violated the FMLA. *Id.* However, Plaintiff has not demonstrated that the notice violation caused him prejudice, which would give rise to an entitlement to relief. The Report concludes that despite Lowe's notice violation, Plaintiff did receive FMLA leave and subsequently returned to work in a position equivalent to his pre-leave position. *See id.* at 40.

Second, Plaintiff argues that his transfer from Store 499 to Store 385 was a violation of the FMLA because the human resources manager (HRM) positions at the two stores were not

5

equivalent for purposes of the FMLA and that the transfer to Store 385 caused him to suffer prejudice in the form of reduced potential for bonus pay. *See* Dkt. No. 81 at 17. Plaintiff argues that the Report erred in concluding that he suffered no prejudice as a result of his transfer to Store 385 upon returning to work following FMLA leave. *See* Dkt. No. 81 at 15.

The undersigned disagrees. The FMLA does not require an employee returning from leave to be restored to his prior position. *See Yashenko v. Harrah's N.C. Casino Co.*, 446 F.3d 541, 549 (4th Cir. 2006). Instead, the regulation requires that an employee must be returned to an "equivalent position" upon resuming work following leave under the FMLA. "What is an Equivalent Position?," 29 C.F.R. § 825.215. The regulation elaborates on the requirement that an employee return to a position with equivalent terms and conditions of employment: "An equivalent position must have substantially similar duties, conditions, responsibilities, privileges and status as the employee's original position." *Id.*

Plaintiff argues, by way of reference to his first objection, that the Human Resource Manager position he was transferred to at Store 385 was not equivalent to his prior position as Human Resource Manager at Store 499. *See* Dkt. No. 81 at 17. As discussed in the Report, Plaintiff returned to work from FMLA leave to a position with the exact same title, pay, and responsibilities as the position he held when his leave began. Dkt. No. 78 at 41. The only possible distinctions between the HRM positions at Stores 499 and 385 arise not from the title, pay (including bonus eligibility), or responsibilities of the positions, but in the working hours that might be required to fulfill his job responsibilities and the amount of bonus pay he might receive based on store performance. *See* Dkt. No. 78 at 41-42.

The Report reviewed the HRM job description for all Lowe's stores and determined that all HRMs are subject to the same work schedule. Dkt. No. 78 at 18. The blanket HRM work schedule "(r)equires morning, afternoon and evening availability any day of the week;" HRMs are "(g)enerally scheduled for 48 hours [of work per week]" with "more hours [possibly] required based on the needs of the store." *Id.* The court agrees that though the specific tasks to be accomplished at Store 385 during a particular period might have required more time than at Store 499, the duties, responsibilities, and conditions were equivalent between the two HRM positions, as required by the regulation.

The regulation defining equivalent positions contemplates bonus pay as a component of the equivalency determination. 29 C.F.R. § 825.215(c)(2). The regulation draws a distinction between bonuses given for job-related performance and those given for absence of occurrences, such as for safety or attendance. *Id.* Though a store performance bonus is indirectly impacted by each employee's performance, it cannot properly be categorized as an individual performance-based bonus. It is more akin to a safety bonus, which is not based on an employee's job performance. The FMLA eligibility requirement for such non-performance bonuses is that an employee who takes FMLA leave must not be disqualified from eligibility for the bonus because he took leave. *Id.*

The court agrees with the Report's conclusion that Plaintiff failed to demonstrate that his eligibility for bonus pay based on store performance was any different than the consideration given to other employees eligible for a bonus who took unpaid leave during the year. Dkt. No. 78 at 42-43. Because Plaintiff has failed to demonstrate that the HRM positions at Stores 385 and 499 were not equivalent, there is no FMLA violation. Plaintiff has also not suffered any prejudice as a result.

**CONCLUSION**

For the foregoing reasons, the court adopts the Report in full and grants summary judgment in favor of Lowe's.

**IT IS SO ORDERED**.

s/ Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
September 4, 2008